ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2023-Feb-16  15:35:54
60CV-23-1179
C06D06 : 5 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## ____ DIVISION

**STEFFANIE B. HARRIS**                                      **PLAINTIFF**

V.                                                    CASE NO. _____

**HOME DEPOT U.S.A., INC.**                                  **DEFENDANT**

### COMPLAINT

Comes now the Plaintiff, Steffanie B. Harris, by and through her attorney, Stephen W. Jones with Jack Nelson Jones, PLLC, and for his Complaint states as follows:

### PARTIES AND JURISDICTION

1. This lawsuit is brought under the Arkansas Civil Rights Act, Ark. Code Ann. §16-123-101 et seq. (hereinafter "ACRA").

2. Steffanie B. Harris (hereinafter "Plaintiff") is a resident of Lonoke County, Arkansas.

3. Home Depot U.S.A., Inc. (hereinafter "Defendant") is a Delaware corporation with its principal place of business in Atlanta, GA and is registered to do business in Arkansas as a foreign corporation. Its registered agent for service of process in Arkansas is the Corporation Service Company. 300 Spring Bldg., Suite 900, 300 Spring Street, Little Rock, AR 72201.

4. Venue is properly with this Court which has subject matter and *in personam* jurisdiction over the parties.

### GENERAL ALLEGATIONS OF FACT

5. Defendant is the largest home improvement retailer in the United States and employs approximately 300,000 employees. It operates thirteen stores in Arkansas.

6. Plaintiff began work for Defendant at age 18 and had received recognition for service with Defendant for eighteen years in 2021.

7. During those eighteen years of employment, she had consistently received above average evaluations and had been promoted to District Execution Manager for District 306, which governed Defendant's stores in Arkansas. Before May 2021 she had never received

1

a negative review.

8. By 2021 Plaintiff had been targeted for advancement with Defendant. She was a HyPo (High Potential) DEM (District Execution Manager) and in the pipeline to be a district manager in the future. She was the Safety Captain for the Southwest Region and was ranked first nationally in 2021. She was consistently ranked highly on every metric used by Defendant to evaluate her as a DEM.

9. During the height of the COVID 19 crisis in 2020, personal interaction among Defendant managers and employees was limited. After such restrictions were lifted, Plaintiff saw Paul Ganz, District Manager District 306, at the store in Conway. Ganz made a comment about how good Plaintiff looked; he was amazed at the amount of weight she had lost during the pandemic. However, he continued beyond that saying something to the effect of "Dang Bree you're looking good; I mean like really good!" Then he said, "Let me stop before I get myself in trouble."

10. Thereafter, Ganz almost always made comments about her appearance when they came into contact, even though Plaintiff repeatedly told him his comments were inappropriate.

11. In November 2020, Plaintiff and Ganz were present in Store 1406 in Jonesboro, Arkansas. Ganz made inappropriate remarks to Plaintiff in violation of Defendant's policy prohibiting sexual harassment. He made aggressive comments about Plaintiff's appearance including that the dress she was wearing would look better off of her than on. Plaintiff protested his remarks and told Ganz such statements were inappropriate and unwelcome. After this exchange, Ganz realized that Eric Pieper, the store manager of Store 1406 had overheard Ganz's statement.

12. After Ganz left, Pieper told Plaintiff that she should report the incident to Human Resources, but she told him not to say anything at that time as she wanted to think about her best course of action.

13. In early February 2021, Ganz again made unwelcome and inappropriate remarks to Plaintiff about her appearance.

14. Shortly thereafter, on February 13, 2021, Plaintiff reported the incidents with Ganz to Yvonda Jackson, Defendant's District 306 Human Resource Manager/Coordinator and identified Pieper as a supporting witness to the events.

15. Defendant's policy requires that it respond to an employee's complaint of sexual harassment within less than a week. Defendant did not adhere to this policy. She received a response only when she complained to Jackson on March 2, 2021 that there had been no response to her complaint, and Plaintiff intended to complain to Jackson's superior about the lack of action.

16. In violation of standard practice, Defendant never interviewed Pieper regarding what he witnessed.

17. Shortly after making her complaint, Plaintiff noted a change in her treatment by her superiors and her company mentor. After her complaint was made about sexual harassment, the Regional VP Dave Rebtoy, who was her mentor and with whom she spoke on a semi-regular basis, stopped interacting with her. Previous to her complaint, she had scheduled walks with Rebtoy, had virtual check ins with him, exchanged more than one-word emails, and even had phone calls with him about her progress. After her complaint, Rebtoy ceased communicating with her except in the most perfunctory and abbreviated manner. All of her personal development with him came to an abrupt stop.

18. The same thing happened with James Fougere, the Regional HR Director. Before her complaint, she had walked stores and had phone calls about her personal development with Fougere. She had also done virtual check ins with him as well. All of that ceased once Plaintiff spoke to him on March 2, 2021 about the sexual harassment.

19. In March 2021, Ganz was notified he was being laterally transferred to be a district manager in New York. Ganz openly celebrated the move even texting or emailing photographs of his new office to Plaintiff and other coworkers.

20. After he was notified of his transfer, Ganz notified Pieper that Pieper was being terminated for "performance issues," although less than a month earlier he had told Plaintiff that Plaintiff was evaluated as meeting expectations.

21. Pieper's Store 1406 was in no worse condition than other stores in District 306 and better than most.

22. Upon Ganz's transfer, Defendant closed its investigation into Plaintiff's complaint. On information and belief, Ganz received no disciplinary action for his conduct toward Plaintiff.

23. On information and belief, Ganz has subsequently been promoted or moved to

positions in preparation for further advancement including assignment to corporate headquarters in Atlanta.

24. In March 2021, Plaintiff received a very positive performance evaluation. However, in May 2021, Defendant began building a case for her termination. Immediately after the closure of the investigation into her harassment complaint in April 2021, Plaintiff received the first negative write up in her approximately fifteen years as a salaried manager with Defendant. This began a pattern of negative commentary and write ups about her work culminating in her termination for performance on February 22, 2022.

## COUNT I – ARKANSAS CIVIL RIGHTS ACT

25. The allegations contained in paragraphs 1 through 24 above are incorporated by reference as if fully set forth herein.

26. Defendant's actions as set forth herein constitute a violation of the ACRA provisions prohibiting retaliation, interference, coercion and/or intimidation as set forth in Ark. Code Ann. §16-123-108.

## DAMAGES

27. As a direct and proximate cause of Defendant's acts, Plaintiff has suffered lost wages and benefits, damage to her work reputation, mental distress and lost earning capacity.

28. Defendant's acts have been so egregious as to warrant the imposition of punitive damages.

## JURY TRIAL DEMAND

29. Plaintiff respectfully requests a trial by jury on all counts.

**WHEREFORE**, Plaintiff prays that the Court to enter judgment in her favor and against Defendant as follows:

a. That Defendant intentionally and with reckless indifference to her rights under the ACRA retaliated, interfered, coerced and/or sought to intimidate Plaintiff because of her engagement in protected activity;

b. That Plaintiff be awarded punitive damages, compensatory damages, and past and future wage and benefit loss;

c. That Plaintiff be awarded reasonable attorney fees and costs of litigation;

d. That Plaintiff be awarded prejudgment interest;

e. That an injunction be entered ordering Defendant to remove all adverse employment information from Plaintiff's personnel file, for a designation that Plaintiff is eligible for rehire, that Defendant post in its Arkansas locations that it has been found to be in violation of the ACRA prohibition against retaliation and state its future commitment not to retaliate against those making or supporting claims of discrimination, that it will adhere to its stated policies sexual harassment and the investigation of any such claims, and for the retention of all discrimination complaints for seven years for the purpose of monitoring compliance with these commitments.

Respectfully Submitted,

Stephen W. Jones
Jack Nelson Jones, PLLC
1 Allied Drive, Suite 1110
Little Rock, AR 72202
Tel: (501) 707-5520
Fax: (501) 375-1027

By: /s/ Stephen W. Jones
Stephen W. Jones
Ark. Bar No. 78083
sjones@jacknelsonjones.com