## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | | |
|---|---|---|
| **STEFFANIE B. HARRIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-00279-LPR** |
| | § | |
| **HOME DEPOT U.S.A., INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### PROTECTIVE ORDER

Upon agreement by Plaintiff Steffanie B. Harris and Defendant Home Depot U.S.A., Inc. (the "Parties"), it is hereby ORDERED that:

All confidential information produced or exchanged in the course of the above-entitled matter shall be treated as confidential by the Parties and shall be used solely for the purpose of the preparation and litigation of such matter and for no other purpose or litigation whatsoever and shall not be disclosed to any person except in accordance with the terms hereof. Unless otherwise agreed to in writing by the Parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order. Notwithstanding the foregoing or anything else in this Protective Order, nothing in this Protective Order automatically entitles a party to a sealed courtroom or transcript during any part of the trial.

1. **Confidential Information**

"Confidential Information," as used herein, means any information of any type, kind or character which is designated "Confidential" or "Attorneys' Eyes Only" by either the supplying or receiving Party or a third-party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or

1

otherwise. In designating information as "Confidential" or "Attorneys' Eyes Only," a Party will make such designations only as to that information that it, in good faith, believes contains Confidential Information.

2.      **Use and Maintenance of Confidential Information**

(a)     Confidential Information shall be made available only to "Qualified Persons" as defined herein. No other person shall have access to Confidential Information without approval of the Court or the agreement of the Parties, nor shall any such other person be informed of the substance of such Confidential Information by any person having access thereto.

(b)     Information designated as "Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in Paragraph 4(b) below.

(c)     Prior to disclosing any documents containing "Confidential Information" to any witness who is a "Qualified Person" as defined in this Protective Order, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement, in the form set forth in Exhibit A hereto, stating that he or she has read this Protective Order and agrees to be bound by it.

(d)     Confidential Information shall not be published or reproduced in any manner on the internet, blogs, bulletin boards, email, text messages, newspapers, magazines, bulletins or other media available publicly or privately.  The restriction on email is not applicable to Court staff so long as it is for judicial work on court computers.

(e)     Nothing herein shall prevent any counsel of record from utilizing "Confidential" or "Attorneys' Eyes Only" information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "Attorneys' Eyes Only" information, irrespective of which Party produced such information.

(f)     Copies of "Confidential" or "Attorneys' Eyes Only" information provided to a receiving Party shall be maintained in the offices of outside counsel for the receiving Party and in the legal department of Defendant. Any documents produced in this mater, regardless of classification, which are provided to Qualified Persons of Paragraph 4(c) below, other than to a Party to this matter, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made by (or exhibits may be prepared by) independent copy services, printers or illustrators for the purpose of this litigation. Nothing herein is intended to prohibit any counsel of record from storing electronic copies of "Confidential" or "Attorneys' Eyes Only" information in secure online storage that is under counsel's exclusive control, and such copies will be destroyed (*e.g.*, deleted, erased) in accordance with Section 9 below.

(g)     Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Party designating the information as "Confidential" or "Attorneys' Eyes Only" consents to such disclosure.

3.     **<u>Advice to Clients</u>**

This Protective Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this matter from conveying to any Party his or her evaluation in a general way of "Confidential" or "Attorneys' Eyes Only" information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any "Confidential" or "Attorneys' Eyes Only" information produced by another Party herein, which disclosure would be contrary to the terms of this Protective Order.

4.      **Qualified Persons**

"Qualified Persons," as used herein, means:

(a)      Plaintiff, Steffanie B. Harris;

(b)      Attorneys of record for the Parties in this litigation and employees of such attorneys (including attorneys and litigation managers in the legal department of Defendant);

(c)      Actual or potential technical experts, independent investigators, or consultants, who have signed a document (*i.e.*, Exhibit A attached hereto) agreeing to be bound by the terms of this Protective Order (such signed document to be retained by the attorney retaining such person);

(d)      Witnesses who will give testimony at any hearing or trial in this litigation and have a need to review such information or document to prepare for and give testimony;

(e)      Any present or former officer, employee, or agent of Defendant whom Defendant in good faith determines has a need to review such information or document;

(f)      The Court and Court staff (who will maintain the confidentiality of all confidential information unless otherwise ordered by the Court), stenographic and video reporters (and their agents) in depositions, hearings, or trial in this action, and third-party litigation support vendors/services utilized by either Party; and

(g)      Any other person designated as a Qualified Person by order of the Court, after notice and hearing to all Parties, or as agreed to in writing by the Parties.

5.      **Marking of Documents**

Documents produced in this action may be designated by any Party as "Confidential" or "Attorneys' Eyes Only" information by marking each page of the document(s) so designated with a stamp stating "Confidential," "Confidential Subject to Protective Order," or "Attorneys' Eyes

Only." In lieu of marking the original of a document, the designating Party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

6.      **Disclosure at Deposition, Use in Litigation, and at Trial**

(a)      The Parties may use Confidential Information during any deposition or at hearing or trial provided the witness is apprised of the terms of this Protective Order and agrees to be bound by same. The Parties may use Confidential Information during a deposition only if the room is first cleared of all non-qualified persons.

(b)      The Parties may use Confidential Information during the litigation proceedings, including in any motions, briefs, or memoranda, and also during the final trial.  However, at trial, neither the courtroom nor the transcript will be sealed without a further order from the Court.  The parties may file a motion asking for such order closer to trial.

(c)      Information disclosed at: (i) the deposition of a Party or one of a Party's present or former employees, agents or independent experts retained by counsel for the purpose of this litigation; or, (ii) the deposition of a third-party (which information pertains to a Party) may be designated as "Attorneys' Eyes Only" by indicating on the record at the deposition that the testimony is "Attorneys' Eyes Only" and is subject to the provisions of this Protective Order.

(d)      Any Party may also designate the information disclosed at such deposition as "Attorneys' Eyes Only" by notifying all of the Parties in writing within sixty (60) days of receipt of the transcript. The receiving Party's counsel shall attach a copy of such written notice(s) to the face of the transcript and each copy thereof in their possession, custody, or control.

(e)      To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Attorneys' Eyes Only" with blank, consecutively numbered pages

being provided in a non-designated main transcript.  This provision does not apply to transcripts of court proceedings absent further order of the Court.

7.   **Retroactive Designation/Unintentional Disclosure**

(a)    Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Protective Order.

(b)    The inadvertent or unintentional production of documents containing, or other disclosure of, "Confidential Information," without being designated as "Confidential Information" at the time of the production or disclosure, shall not be deemed a waiver in whole or in part of any Party's claim of confidentiality or privilege, either as to specific information discussed or as to any information relating thereto or on the same or related subject matter. Documents inadvertently or unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving Party.

8.   **Challenge to Designation**

In the event that any Party to this litigation disagrees with the designation by the designating Party of any information as "Confidential," or "Attorneys' Eyes Only", or the designation of any person as a Qualified Person, the Parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If a dispute cannot be resolved, the objecting Party may invoke this Protective Order by objecting within thirty (30) days in writing to the Party who has designated the document or information as "Confidential", "Attorney Eyes Only", or designated the person as Qualified. The designating Party shall then be required to request that the Court enter an order preserving the designated status of such

information or person within thirty (30) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item or the termination of the Qualified status of the individual. The Parties agree that until such time the Court enters an order to the contrary the designation status of such information or person is preserved.

9.      **Return and Destruction of Documents**

Within thirty (30) days after the conclusion of this litigation, all Confidential Information, and all reproductions thereof, and all abstracts and compilations therefrom, including all Confidential Information stored in or by computers or other data processing equipment in the possession of any of the persons qualified under Paragraph 4shall be returned to counsel for the producing Party, or destroyed (*e.g*., shredded, deleted, erased, overwritten), except as this Court may otherwise order. However, in the event of a settlement of this litigation, Plaintiff and his counsel agree to return to Defendant, or destroy (*e.g*., shred, delete, erase, overwrite), all information and documents designated Confidential by Defendant prior to the receipt of any settlement funds. Each Party will timely (*i.e*., by the deadline) confirm in writing to the other Party its compliance with this paragraph. As far as the provisions of any protective orders entered in this action restricting the communication and use of the documents produced hereunder, such orders shall continue to be binding after the conclusion of this litigation.  This section does not apply to Court personnel.

10.      **Non-Waiver**

Nothing in this Protective Order is to be construed or used as a waiver of any privilege or any rights or procedural or evidentiary objections under the applicable rules of Civil Procedure, including objections as to admissibility of produced documents and the right to assert the application of any common law or statutory privileges or any theory of immunity from disclosure

of the Confidential Information. Nothing herein is intended to interfere with or be construed as a waiver of Defendant's right to utilize Confidential Information as it, in good faith, deems necessary in making personnel and other business decisions.

**11.     <u>Other Litigation</u>**

Nothing contained in this protective order shall be construed as permitting disclosure of any confidential information, or any information abstracted therefrom, to counsel or parties in any actual or potential litigation or legal proceeding other than the above-entitled and numbered cause, or to any person or entity involved in the investigation or preparation of any other potential litigation or legal proceeding.

**12.     <u>Additional Orders/Modification</u>**

This Protective Order shall be without prejudice to the right of the Parties (i) to bring before the Court at any time the questions of whether any particular document or information is confidential or whether its use should be restricted; (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein; (iii) stipulate to exceptions to this Order; or (iv) seek an order of this Court modifying this Protective Order.

SO ORDERED this 27th day of September, 2023.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

The parties hereby stipulate and agree to the terms of the foregoing protective order and to its entry by the court.

September 27, 2023

Respectfully submitted,

*/s/ Stephen W. Jones (w/ permission)*

Stephen W. Jones
Arkansas Bar No. 78083
1 Allied Drive, Suite 1110
**JACK NELSON JONES, PLLC**
Little Rock, Arkansas  72202
Telephone: (501) 707-5520
Fax: (501) 375-1027
sjones@jacknelsonjones.com

**ATTORNEY FOR PLAINTIFF**

*/s/ Kristin Snyder Higgins*

KRISTIN SNYDER HIGGINS
Texas State Bar No. 24046880
kristin.higgins@ogletree.com
Admitted *Pro Hac Vice*
ANDREW T. TURNER
Arkansas State Bar No. 91124
andrew.turner@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas  75225
214-987-3800 – Telephone
214-987-3927 – Facsimile

AND

MICHAEL S. MOORE (ABA# 82112)
**FRIDAY, ELDREDGE & CLARK, LLP**
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201-3493
501-370-1526 – Telephone
501-244-5348 - Facsimile
mmoore@fridayfirm.com

9

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| **STEFFANIE B. HARRIS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:23-cv-00279-LPR** |
| | § | |
| **HOME DEPOT U.S.A., INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## AGREEMENT TO BE BOUND BY
## PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

I hereby attest to my understanding that information or documents designated as Confidential may be provided to me pursuant to the terms and conditions and restrictions of the Agreed Protective Order entered in the above-styled litigation. I have been given a copy, read, and understand the Agreed Protective Order; and I agree to be bound by it.

I further agree that I shall not disclose to others in any manner, except in accordance with the Agreed Protective Order, any Confidential Information as defined in the Agreed Protective Order, and that such Confidential Information shall be used only for the purposes of the above-styled litigation. I understand that the unauthorized disclosure of Confidential Information could result in the violation of the rights to privacy, and/or serious economic harm to the party providing the Confidential Information which could continue to cause harm even after the termination of the litigation. I will return all Confidential Information to the party who provided it to me and not retain any copies of Confidential Information or any documents containing Confidential Information. I may satisfy the foregoing by destroying (e.g., shredding, deleting, erasing,

1

overwriting) all Confidential Information, including all electronically stored information. I will confirm in writing my compliance with these obligations by the deadline indicated in the Agreed Protective Order.

I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Agreed Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure.

Date: _____

_____
Signature

_____
Printed Name